# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50525
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ORLANDO GARCIA-ARREDONDO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CR-66-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Orlando Garcia-Arredondo appeals his sentence of 57 months of imprisonment, imposed following his guilty-plea conviction for illegal reentry into the United States after deportation. *See* 8 U.S.C. § 1326(a), (b)(2). According to Garcia-Arredondo, his sentence is substantively unreasonable, greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a), and fails to account for his personal history and characteristics.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50525

We review the substantive reasonableness of Garcia-Arredondo's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). The district court, which was "in a superior position to find facts and judge their import under § 3553(a)," was presented with Garcia-Arredondo's mitigating arguments but concluded that a sentence within the guidelines range was reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Garcia-Arredondo's disagreement with the district court's decision is insufficient to rebut the presumption of reasonableness accorded his within guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Garcia-Arredondo also argues that the illegal reentry guideline lacks an empirical basis and overstates the seriousness of illegal reentry offenses by using prior convictions to both calculate the base offense level and the criminal history category. We have previously rejected this "double counting" argument. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). As to the empirical data underlying the illegal reentry guideline, the district court could have reached, in its discretion and as part of its § 3553(a) analysis, a different decision as to the relevance of the amendment to U.S.S.G. § 2L1.2 and the underlying policy decisions. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). That the district court did not do so, after considering the case before it, is also insufficient to rebut the presumption of reasonableness accorded a within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 566 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.